COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                                SUPERIOR COURT DEPT.

C.A. NO. _____

---------------------------------------- X
Laurie Wharton,                        :

              Plaintiff,          :

                               :          12/10/2020

       -against-                    :

                               :          NH

RAC Acceptance Texas, LLC d/b/a    :
Acceptance Now,                 :

              Defendant.          :

---------------------------------------- X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

      Now comes the named Plaintiff and states the following as her Complaint:

**OVERVIEW**

      This action arises out of Defendant's repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, et seq. ("MCPA"), Massachusetts Debt Collection Regulations, 940 CMR § 7.00 et seq. ("MDCR"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

**PARTIES**

1. The Plaintiff, Laurie Wharton ("Plaintiff"), is an adult individual residing in Arlington, Middlesex County, Commonwealth of Massachusetts and is a "debtor" as defined by 940 CMR § 7.03.

2. The Defendant, RAC Acceptance Texas, LLC d/b/a Acceptance Now ("RAC"), is a Texas business entity with an address of 5501 Headquarters Drive, Plano, Texas 75024, and is a "creditor" as defined by 940 CMR § 7.03.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

3. Plaintiff's boyfriend Mark Dwinells allegedly incurred a financial obligation (the "Debt") to RAC.

4. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

5. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 940 CMR § 7.03.

### B. RAC Engages in Harassment and Abusive Tactics

6. Within the last year, RAC began contacting Plaintiff in an attempt to collect the Debt incurred by Plaintiff's boyfriend, Mr. Dwinells (the "Debtor").

7. On or about May 4, 2020, Plaintiff informed RAC that the Debtor could not be reached at her telephone number and requested RAC cease placing calls to her.

8. Nevertheless, RAC continued to place calls to Plaintiff at an excessive and harassing rate in an attempt to contact the Debtor to collect the Debt.

9. RAC's calls to Plaintiff's phone number did not pertain to Plaintiff's account.

10. During its calls to Plaintiff, RAC did not request confirmation of Mr. Dwinells location information.

11. RAC's actions caused Plaintiff a great deal of frustration, stress and inconvenience.

### C. Plaintiff Suffered Actual Damages

12. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

13. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq. and MASSACHUSETTS DEBT COLLECTION REGULATIONS, 940 CMR § 7.00 et seq.

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The Defendant employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

2

16. The Defendant initiated communications via telephone to Plaintiff's cellular telephone in excess of two times within a seven-day period, for each debt, in violation of 940 CMR § 7.04(1)(f).

17. The Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and 940 CMR § 7.00 et seq. and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff prays that judgment be entered against Defendant:

1. Equitable relief pursuant to M.G.L. c. 93A § 9(1);
2. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 9(3);
3. Costs of litigation and reasonable attorney's fees pursuant to M.G.L. c. 93A § 9(3) against Defendant;
4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent MCPA and MDCR violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff

Dated: December 10, 2020

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                                           SUPERIOR COURT DEPT.

                                                         C.A. NO. 2081CV02989

---------------------------------------- X
Laurie Wharton,                          :
                                         :
                                         :
                Plaintiff,               :
                                         :
                                         :
        -against-                        :
                                         :
                                         :
RAC Acceptance Texas, LLC d/b/a          :
Acceptance Now,                          :
                                         :
                Defendant.               :
---------------------------------------- X

**WAIVER OF SERVICE**

TO: Sergei Lemberg Esq.

   I have received your request to waive service of a summons in this action along with a copy of the filed complaint.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses and objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to service of a summons.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion within 60 days of 01/18/21, the date when this request was sent.

Date: 2-1-2021    _____
                  Signature of Attorney or unrepresented party


Robert Friedman, Texas Bar No. 24007207     Robert Friedman

Printed name of party                       Printed Name
Waiving service of summons

                                            Littler Mendelson, P.C.
                                            2001 Ross Avenue
                                            Suite 1500
                                            Dallas, Texas 75201

                                            _____
                                            Address

                                            rfriedman@littler.com
                                            Email address

                                            214-880-8155
                                            Telephone Number

2